AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 1

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 09 2026
at 2 o'clock and 40 min. P M
Lucy H. Carrillo, Clerk

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**ROBERT SILVA**

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   1:24CR00052-001
USM Number:   11339-506
LOUIS MICHAEL CHING, ESQ.
Defendant's Attorney

## THE DEFENDANT:

[✔]   pleaded guilty to count(s): <u>2 of the Superseding Indictment</u>.
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC §§ 2251(a) and 2251(e) | Production of Child Pornography | 10/04/2018 | 2 |

The defendant is sentenced as provided in pages 2 through <u>9</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count(s) <u>1, 3, 4 and 5 of the Superseding Indictment</u> (are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

JANUARY 6, 2026
Date of Imposition of Judgment

Signature of Judicial Officer

**HELEN GILLMOR**, Senior United States District Judge
Name & Title of Judicial Officer

January 9, 2026
Date

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: ROBERT SILVA
CASE NUMBER: 1:24CR00052-001

Judgment - Page 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 360 MONTHS

[✔]   The court makes the following recommendations to the Bureau of Prisons:
1) FCI Inglewood, CO.(1st choice);
2) FCI Eton, OH.(2nd choice);
3) FCI Seagoville, TX. (3rd choice);
4) Educational and vocational training; and
5) Sex offender treatment.

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before 2 p.m. on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: ROBERT SILVA  
CASE NUMBER: 1:24CR00052-001

Judgment - Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 20 YEARS

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

   [ ]  The above drug testing condition is suspended, based on the court's determination that you poses a low risk of future substance abuse. *(Check if applicable.)*

4. [ ]  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check if applicable.)*
5. [✔]  You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*
6. [✔]  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location you reside, work, are a , or were convicted of a qualifying offense. *(Check if applicable)*
7. [ ]  You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3A - Supervised Release

DEFENDANT: ROBERT SILVA  
CASE NUMBER: 1:24CR00052-001

Judgment - Page 4 of 8

## STANDARD CONDITIONS OF SUPERVISION

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5. You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at : www.uscourts.gov.

Defendants Signature _____

Date _____

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3D - Supervised Release

DEFENDANT: ROBERT SILVA
CASE NUMBER: 1:24CR00052-001

Judgment - Page 5 of 8

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. You must participate in a substance abuse assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the Court order specific substance abuse treatment.

2. You may change your residence only with the advance approval of the probation officer. You must appear in person at the state registration agency within 3 business days after the change of residence to report such change.

3. You must participate in a sex offense-specific assessment and any recommended treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, and intensity). Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a treatment provider's question shall not be considered a violation of this condition.

4. You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. A maximum of six polygraph tests per year is allowed, unless otherwise ordered by the Court. Your supervision may not be revoked based solely upon the results of a polygraph test. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a polygrapher's question shall not be considered a violation of this condition.

5. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

6. You must not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place, website, or application where such materials or entertainment are the primary material or entertainment available.

7. You must not go to, or be at, schoolyards, playgrounds, arcades, childcare facilities, or other places primarily used by children under the age of 18.

8. You are ordered to participate in the cybercrime management program and will inform your probation officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your probation officer. You will also inform your probation officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.

9. You are permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the US Probation and Pretrial Services Office (USPPSO) to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPPSO. The configuration, management, and monitoring of your standard computer devices shall be specific to your Court-ordered conditions, risk and needs, and cybercrime management program (CMP)requirements. You must comply with the rules and regulations of the CMP, pursuant to the Participant's Agreement. You are responsible for all computer monitoring and/or management costs for your approved computer devices. You must pay the costs of the program, as directed by the probation officer.

10. Non-standard computer devices possessed or accessible to you (such as smart TV's, refrigerators, game systems, and personal assistants) shall be assessed by the US Probation and Pretrial Services Office (USPPSO) for risk and need of use. You must permit the USPPSO to configure and/or manage approved non-standard devices for compliance with your Court-ordered conditions and cybercrime management program requirements. Non-standard computer devices that are not able to be configured and/or managed, or which are assessed as being of substantial risk to the successful completion of supervision, may be prohibited.

11. You are limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by your probation officer.

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3D - Supervised Release

DEFENDANT: ROBERT SILVA
CASE NUMBER: 1:24CR00052-001

Judgment - Page 6 of 8

12. You must allow the US Probation and Pretrial Services Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court-ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and cybercrime management program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

13. Your use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) is restricted to legitimate and necessary purposes. Examples of legitimate and necessary use are employment, education, religious activities, treatment services, medical services, communication with friends/family and attorney, personal finance, and legal obligations. You must not participate in any online video communications, including live webcam communications, unless otherwise approved by your probation officer.

14. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

15. You must submit your person; property; house; residence; vehicle; papers; computer devices, other electronic communications, network or cloud storage, data storage devices or media; or office, to a search conducted by a probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

AO 245 B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

DEFENDANT: ROBERT SILVA
CASE NUMBER: 1:24CR00052-001

Judgment - Page 7 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | JVTA Assessment* | Fine | Restitution |
|---------|------------|------------------|------|-------------|
| Totals: | $ 100.00   | $                | $    | $           |

[ ] The determination of restitution is deferred until        . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|--------------------|--------------------------|----------------------------|
|                   |                    |                          |                            |

**TOTALS**    $ __    $ __

[ ] Restitution amount ordered pursuant to plea agreement   $ __

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] the interest requirement is waived for the    [ ] fine    [ ] restitution

   [ ] the interest requirement for the   [ ] fine    [ ] restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case  
Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: ROBERT SILVA | Judgment - Page 8 of 8 |
| CASE NUMBER: 1:24CR00052-001 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due  
           [ ]     not later than _ , or  
           [ ]     in accordance    [ ] C,    [ ] D,    [ ] E, or [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or [ ] F below); or

C    [ ]    Payment in equal _ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of _ *(e.g., months or years)*, to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ *(e.g., weekly, monthly, quarterly)* installments of $ _ over a period of _ *(e.g., months or years)*, to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[✔]    The defendant shall forfeit the defendant's interest in the following property to the United States:

       Please refer to ECF No. 50  
       (Preliminary Order of Forfeiture (Specific Property) as to Defendant Robert Silva)  
       [SEE ATTACHED] .

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

KENNETH M. SORENSON
United States Attorney
District of Hawaii

BARBARA EUCKER
REBECCA A. PERLMUTTER
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Emails:     Barbara.Eucker@usdoj.gov
            Rebecca.Perlmutter@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR24-00052 HG |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE (SPECIFIC |
| vs. | ) | PROPERTY) |
| | ) | |
| ROBERT SILVA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY)

WHEREAS, a Superseding Indictment was filed on October 17, 2024, charging defendant Robert Silva with three counts of producing child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts 1 through 3); one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and

(b)(1) (Count 4); and one count of possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count 5); and providing notice that, upon conviction, the government would seek forfeiture; and

WHEREAS, on or about September 5, 2025, pursuant to a plea agreement, defendant Robert Silva pled guilty to Count 2 of the Superseding Indictment, which charges him with producing child pornography (Count 2); and

WHEREAS, pursuant to 18 U.S.C. § 2253, a person convicted of a violation of 18 U.S.C. §§ 2251(a) and (e) shall forfeit to the United States any (1) any visual depiction described in 18 U.S.C. § 2251, and any books, magazines, periodicals, films, videotapes, and other matter containing visual depictions, which were produced, transported, mailed, shipped, or received in violation of that section; (2) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense of conviction; and/or (3) property, real or personal, used or intended to be used to commit or to promote the commission of the offense of conviction or any property traceable to such property; and

WHEREAS, the United States seeks the forfeiture of all of defendant Robert Silva's right, title, and interest in the following property (the "Specific Forfeitable Property"), which was seized from the defendant's residence on June 13, 2024:

2

    i.      HP Pavilion All in One laptop with serial number 5CD3525JB6;

    ii.     512 MB San Disk FD;

    iii.    1GB Lexar TD;

    iv.    MicroCruzer 4GB;

    v.     HP All in One PC;

    vi.    My Passport External HD;

    vii.   Samsung PC Tower;

    viii.  Motorola Blue Cellphone; and

    ix.    Google Chromebook laptop; and

WHEREAS, in his plea agreement, defendant Robert Silva consented to the forfeiture of all of his right, title, and interest in the Specific Forfeitable Property; and

WHEREAS, the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS, the Specific Forfeitable Property is subject to forfeiture pursuant to 18 U.S.C. § 2253 as (1) visual depictions described in 18 U.S.C. § 2251, and any books, magazines, periodicals, films, videotapes, and other matter containing visual depictions, which were produced, transported, mailed, shipped or

3

received in violation of that section; (2) property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense to which defendant Robert Silva has pled guilty; and/or (3) property, real or personal, used or intended to be used to commit or to promote the offense to which defendant Robert Silva has pled guilty, and property traceable to such property, and the Court so finds; and

WHEREAS, defendant Robert Silva:

(1) Acknowledges that the Specific Forfeitable Property is subject to forfeiture as described above; and

(2) Waives and abandons all right, title, and interest in the Specific Forfeitable Property; and

(3) Waives, releases, and withdraws any claim that he may have made with respect to the Specific Forfeitable Property and waives and releases any claim that he might otherwise have made to it in the future; and

(4) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Forfeitable Property; and

(5) Agrees that this Order is final at the time of its entry by the Court pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

(6) Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the

defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(7) Acknowledges that he understands that forfeiture will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(8) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(9) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order; and

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to defendant Robert Silva on the date it is entered by the Court, and it shall be made part of the sentence of defendant Robert Silva and shall be included in the judgment of conviction of defendant Robert Silva; and

THAT, pursuant to 18 U.S.C. § 2253, any and all interests of defendant Robert Silva in the Specific Forfeitable Property, which was seized from the defendant's residence on June 13, 2024, specifically:

    i.    HP Pavilion All in One laptop with serial number 5CD3525JB6;

    ii.    512 MB San Disk FD;

    iii.    1GB Lexar TD;

    iv.    MicroCruzer 4GB;

    v.    HP All in One PC;

    vi.    My Passport External HD;

    vii.    Samsung PC Tower;

    viii.    Motorola Blue Cellphone; and

    ix.    Google Chromebook laptop,

are hereby forfeited to the United States of America; and

THAT, the Specific Forfeitable Property shall be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), the United States shall publish notice of this Order, and of its intent to dispose of the Specific Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT, the United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Specific Forfeitable Property as a substitute for published notice as to those persons so notified; and

THAT, pursuant to 21 U.S.C. § 853(n), any person, other than the above-named defendant, asserting a legal interest in the Specific Forfeitable Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the Specific Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Specific Forfeitable Property, any additional facts supporting the petitioner's claim, and the relief sought; and

THAT, if no third party files a timely claim, this Order shall become the Final Order of Forfeiture as to the Specific Forfeitable Property, as provided by Fed. R. Crim. P. 32.2(c)(2); or, upon adjudication of all third-party interests, this

7

Court will enter a Final Order of Forfeiture for the Specific Forfeitable Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

THAT, this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

//

//

//

//

//

//

The undersigned hereby consent to the entry and form of this order:

KENNETH M. SORENSON
United States Attorney

_____   Dated: Dec. 30, 2025
By: BARBARA EUCKER
Assistant United States Attorney

_____   Dated: 12/23/, 2025
LOUIS MICHAEL CHING, ESQ.
Attorney for Defendant Robert Silva

_____   Dated: 12/23/2025, 202__
ROBERT SILVA
Defendant

IT IS SO ORDERED:

Dated: 1/6/26, at Honolulu, Hawaii.

_____
HONORABLE HELEN GILLMOR
United States District Judge

USA v. Robert Silva; Criminal No. 24-00052 HG; "Preliminary Order of Forfeiture (Specific Property)"

9